JESSE M. FURMAN, District Judge,
concurring:
I join the opinion of the Court in full, but I write separately to emphasize the significance of one check on any potential overreaching by the monitor: the dispute-resolution process established by the district court. Presumably mindful that a monitorship imposed over Apple’s objection could be a bumpy affair, the district court established a sensible and effective process to ensure that any objections to the monitor’s actions could be swiftly resolved. Specifically, Apple was (and still is) required to convey any objections to the monitor’s conduct to the plaintiffs within ten days of the conduct at issue; if the parties could not, in good faith, resolve the issue among themselves, they could then bring it to the district court’s attention for prompt resolution.
Notably, Apple largely failed to avail itself of this process and, to the extent it did, the district court dealt with the company’s objections promptly and appropriately. For example, although Apple took the position that the monitor could not begin his inquiry within ninety days of his appointment, it did not raise that issue with the district court until shortly before the ninety-day mark, when the issue was nearly moot. Similarly, although Apple (justifiably) pushed back on the monitor’s efforts to communicate with its officers and directors outside the presence of counsel, it did not bring the issue to the district court’s attention until much later, at which point the district court promptly (and correctly) made clear that Apple employees were entitled to have counsel present during any interaction with the monitor. And *142 finally, although Apple objected to the monitor being compensated on an hourly basis, it did not raise its concerns regarding his rate until nearly two months into the monitorship. Once the district court was alerted to the dispute, it referred the parties to a magistrate judge for mediation (where — as the letter unsealed by the Court today makes clear — they apparently agreed on a reduced hourly rate).
The list goes on, but those examples suffice to make the point. Putting aside the question of whether Apple has complied with the Injunction’s requirement to “take no action to interfere with or to impede [the monitor’s] accomplishment of [his] responsibilities,” it is plain that Apple did not comply in good faith with the district court’s dispute-resolution procedures. (D.A. 477). Instead, the company largely sat on its hands, allowing issues with the monitor to fester and the relationship to deteriorate, mostly without the district court’s knowledge. When attacked, the monitor may well have exercised poor judgment in sharing his declaration with the plaintiffs and allowing the plaintiffs to file it. But it is hard not to believe that, had Apple timely raised its objections in the proper fashion instead of silently accumulating grievances and springing them on the district court en masse, matters might not have gotten to that point. At a minimum, the district court certainly cannot be faulted for failing to address issues of which it was unaware.